[Civ. No. 9519.   Fourth Dist., Div. One.   May 12, 1969.]

Estate of GEORGE J. SABOL, Deceased. HOUSTON I.
FLOURNOY, as State Controller, Petitioner and Re-
spondent, v. BRODIE D. SABOL, Objector and Appel-
lant.

Harrison & Watson and Maurice T. Watson for Objector
and Appellant.

Joseph D. Lear, Walter H. Miller and Paul L. Ross for Peti-
tioner and Respondent.

COUGHLIN, J.—Brodie D. Sabol is the widow of George J. Sabol, deceased. At the time of his death they owned property as joint tenants of quasi-community property origin, i.e., property acquired by a husband and wife while domiciled outside the State of California which would have been community property had they been domiciled in this state at the time of acquisition. (Gen. see Rev. & Tax. Code, § 15300; Prob. Code, § 201.5.) The inheritance tax appraiser reported an inheritance tax based on one-half of the property pursuant to Revenue and Taxation Code section 13672. The court approved the report and ordered imposition of the tax. The widow appeals contending the remaining one-half was the separate property of decedent, and one-half of this remainder is exempt from tax by virtue of Revenue and Taxation Code section 13805, which provides: ''Property equal in amount to the clear market value of one-half of the decedent's separate property shall, if transferred to the spouse of the deceased, be exempt from the tax imposed by this part.''

The imposition of an inheritance tax upon the transfer of an interest in joint tenancy property incident to the death of one of the joint tenants is governed by the provisions of article 4 of chapter 4 of the Inheritance Tax Law consisting exclusively of Revenue and Taxation Code sections 13671, 13671.5 and 13672 which in pertinent part provide, respectively: ''Where two or more persons hold property in joint tenancy . . . upon the death of one the right of each survivor to the immediate ownership or possession and enjoyment of the property is a transfer subject to this part to the same extent as though the property had belonged absolutely to the decedent and been devised or bequeathed by him to the survivor, except such part thereof as may be proved by the survivor to have originally belonged to him and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth. . . .'' (Rev. & Tax. Code, § 13671.)

''Where husband and wife hold property in joint tenancy, . . . and such property had its source in community property of the marriage of the husband and wife, then upon the death of either of them, such property shall be treated for inheritance tax purposes as if it were community property of the husband and wife.'' (Rev. & Tax. Code, § 13671.5.)

''Where husband and wife hold property in joint tenancy, . . . and such property had its source in quasi-community property of the marriage of the husband and wife, then

upon the death of either of them, such property shall be treated for inheritance tax purposes as if one-half of the consideration for the acquisition of such property were furnished by each spouse.

"For the purposes of this section, the term 'quasi-community property' has the meaning given that term by Section 15300." (Rev. & Tax. Code, § 13672.)

Community property transferred to a surviving spouse upon the death of a deceased spouse is not subject to inheritance tax. (Rev. & Tax. Code, § 13551.) As a consequence, by virtue of section 13671.5, the joint tenancy property of a husband and wife the source of which was their community property is not subject to an inheritance tax.

Appellant contends the interest of each spouse in joint tenancy property the source of which is quasi-community property, by virtue of sections 13671 and 13672, is separate property; the transfer of this interest to the surviving spouse upon death of the deceased spouse is a transfer of separate property; and under section 13805 one-half of such property so transferred to the surviving spouse is exempt from inheritance taxes. In support of the premise the interest of the deceased spouse in joint tenancy property the source of which is quasi-community property is separate property, appellant cites that portion of the opinion in *Estate of Sperry,* 258 Cal.App.2d 728, 731 [66 Cal.Rptr. 217] where, in rejecting a contention the interest of each spouse in such property is quasi-community in nature, the court said: "Once the property is recognized as the jointly contributed separate property of each joint tenant, neither spouse's share can be characterized as quasi-community property." In the cited case the surviving wife contended the interest of her deceased husband in joint tenancy property of quasi-community origin was quasi-community property, and by virtue of Revenue and Taxation Code section 13554.5,[1] only one-half of that interest was subject to inheritance tax. The court held Revenue and Taxation Code section 13554.5 inapplicable and stated the reason for its decision as follows (p. 731) : "The result we

[1]Revenue and Taxation Code section 13554.5 provides: "Where property to which Section 201.5 of the Probate Code is or would have been applicable is transferred from one spouse to the other within the provisions of Chapter 4 of this part other than by will or the laws of succession, the property transferred is subject to this part up to a value not exceeding one-half of the clear market value thereof." The property to which section 201.5 of the Probate Code applies is property described in Revenue and Taxation Code section 15300 as "quasi-community property."

reach is to view section 13672 as the specific provision of the law dealing with inheritance tax upon joint tenancy property, the source of which was quasi-community property. Section 13554.5, we conclude, is the general section relative to inheritance taxation of Probate Code, section 201.5 type property [quasi-community property], where such property is not specifically dealt with elsewhere in the code. The specific statute relating to a particular subject governs against a general one sufficiently broad to cover the same subject.'' Thus, although the court rejected the wife's contention the interest of her husband was quasi-community property, its decision was not based upon a conclusion his interest was separate property.

The court held, in substance, joint tenancy property of a husband and wife the source of which is quasi-community property is a separate classification of property for inheritance tax purposes, and the taxable transfer occasioned by the death of one of the spouses is of this kind of property; not of quasi-community property; and, by the same standard, not of separate property.

In the case at bench the Controller contends Revenue and Taxation Code section 13805 does not apply to the instant situation because, as held in *Estate of Patell*, 221 Cal.App.2d 376, 381 [34 Cal.Rptr. 512], the term ''separate property'' used in that section is ''intended to refer only to property acquired through gift, devise, bequest, or descent, and not to property which falls within the description of Probate Code, section 201.5,'' i.e., quasi-community property. In the cited case all of the property of a deceased husband was quasi-community in nature the bulk of which was devised and bequeathed to his wife who elected to take under the will;[2] the inheritance tax appraiser, pursuant to Revenue and Taxation Code section 13552.5, found that of the property passing to the surviving wife, an amount equal to one-half of the market value of the total property of the estate was not subject to inheritance taxes; the wife contended the remainder of the property pass-

---

[2]The report of the inheritance tax appraiser indicated property of the value of $541,669.27 passed to the surviving spouse. In a footnote to its opinion the court stated upon death of the husband the wife ''acquired joint tenancy property of the net value of $12,491.50, and also was the recipient under the decedent's last will, of a life estate in trust, with both a power to invade and a general power of appointment, in property valued at $529,177.77.'' (*Estate of Patell*, 221 Cal.App.2d 376, 378, fn. 1 [34 Cal.Rptr. 512].) The total of these amounts is $541,669.27, i.e., the value of the property reported by the inheritance tax appraiser as passing to the wife. However, the joint tenancy aspect was not considered.

ing to her was exempt under Revenue and Taxation Code section 13805 as separate property of her husband, because it was acquired by him while domiciled outside of California; the court rejected the wife's contention and upheld the finding of the appraiser. Revenue and Taxation Code section 13552.5 provides where a married person disposes of quasi-community property by will, and the surviving spouse elects to take under the will, the property thus taken up to a value not exceeding one-half of the quasi-community property, is not subject to inheritance taxes. The holding of the court is premised on the conclusion heretofore noted the term "separate property" used in section 13805 does not apply to property acquired by a spouse while domiciled outside of California, i.e., quasi-community property, because it was not the intent of the Legislature to classify such property as separate property for the purpose of inheritance taxation.

Neither of the foregoing decisions is decisive of the issue at hand, although the rationale in *Estate of Sperry, supra,* 258 Cal.App.2d 728, 731, furnishes the key for decision.[3] Basic to the holding in that case is the conclusion Revenue and Taxation Code section 13672 is a "specific provision of the law dealing with inheritance tax upon joint tenancy property, the source of which was quasi-community property." (*Estate of Sperry, supra,* 258 Cal.App.2d 728, 731.)

Revenue and Taxation Code section 13672 subjects one-half of the joint tenancy property of a husband and wife the source of which is quasi-community property to inheritance tax upon death of one of the spouses. ▇ The pervading concept evidenced by pertinent provisions of the Revenue and Taxation Code is to subject to taxation one-half of quasi-community property involved in taxable transfers between spouses. In substance, these provisions limit the tax to one-half of such property, otherwise it would be treated as non-community property for transfer tax purposes and the whole thereof subjected to such taxes. Thus, upon death of one spouse the one-half of quasi-community property belonging to the surviving spouse, by virtue of Probate Code section 201.5, is not subject to an inheritance tax (Rev. & Tax. Code, § 13555) ; where a deceased spouse wills the whole or a part of quasi-community property to the surviving spouse, and the latter elects to take under the will, the property thus taken

---

[3]*Estate of Rogers,* 245 Cal.App.2d 101 [53 Cal.Rptr. 572], cited by both sides, involves the constitutionality of Revenue and Taxation Code section 13672. In light of this fact selected general statements in the opinion are not helpful in determining the issue at hand.

equal to one-half of the value of all of the quasi-community property is not subject to an inheritance tax (Rev. & Tax. Code, § 13552.5); where quasi-community property is transferred from one spouse to the other within the meaning of the inheritance tax law, other than by will or the laws of succession, viz, by an *inter vivos* transfer, one-half interest is subject to an inheritance tax (Rev. & Tax. Code, § 13554.5); where one spouse transfers quasi-community property as a gift to the other one-half thereof is subject to a gift tax (Rev. & Tax. Code, § 15301.5); but a transfer by the spouses of quasi-community property into property held by them as joint tenants, is not subject to a gift tax. (Rev. & Tax. Code, § 15303.5.) In none of the foregoing instances may the wife claim the exemption extended by Revenue and Taxation Code, section 13805. (See *Estate of Sperry, supra,* 258 Cal.App.2d 728; *Estate of Patell, supra,* 221 Cal.App.2d 376.) In light of the foregoing it would be unreasonable to assume the Legislature intended to exempt more than one-half of the property acquired by married persons as quasi-community property from the transfer tax imposed by the inheritance tax law merely because they changed its character from quasi-community property to joint tenancy property.

We hold the inheritance tax upon the transfer of joint tenancy property of married persons, the source of which is quasi-community property, occasioned by the death of a joint tenant is determinable exclusively by the provisions of Revenue and Taxation Code sections 13671 and 13672.

The order is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.